14 CV 3273

JUDGE CAPRONI

Vik Pawar, Esq.
Robert Blossner, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorneys for Plaintiff*

RECEIVED
MAY - 6 2014
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANTONIO RODRIGUEZ and OLGA RODRIGUEZ,

                Plaintiffs,

    -against-

THE CITY OF NEW YORK, DET. JAMES BARRY,
JOHN AND JANE DOES,

                Defendants.
------------------------------------------------------------------x

**COMPLAINT**

Jury Demand

       Plaintiffs ANTONIO RODRIGUEZ and OLGA RODRIGUEZ by and through their attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

**PRELIMINARY STATEMENT**

       1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6. Plaintiffs have duly complied with conditions precedent to this lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrences of the events giving rise to this lawsuit.

## PARTIES

7. Plaintiffs are citizens of the United States, and at all relevant times was a resident of the County of Bronx and City and State of New York.

8. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant Barry is a NYPD detective and acted under the color of state law and is sued in his individual and official capacities.

10. Defendants John Does are male officers who accompanied defendant Barry on the date of the incident and acted under the color of state law and are sued in their individual, supervisory and official capacities.

## FACTS

11. On May 9, 2011, plaintiffs were inside their residence at 2334 Creston Avenue, Apt. 42, Bronx, New York ("premises"). Plaintiff Antonio was 21 at the time of the incident outlined in the complaint and plaintiff Olga is his grand-mother, a cancer survivor and 72 years old.

12. Around 6 a.m., the individual defendants busted down plaintiffs' door and came inside their apartment.

13. The defendants presumably had a warrant to come inside the apartment.

14. Once they were inside the apartment, defendants woke up the plaintiffs and other occupants inside the premises.

15. Both plaintiffs were shocked and horrified because they had just be woken

up by screaming defendants who did not announce that they were NYPD officials executing a purported search warrant.

16. Plaintiff Antonio was with his grandmother Olga in her room, terrified because he thought that the individual defendants were thugs who were trying to kill his family in the dawn of the morning.

17. The individual defendants dragged plaintiff Antonio by his feet and kicked him in his face and beat him all over his body causing him to sustain serious physical injuries.

18. Plaintiff Antonio who was only wearing boxers and a t-shirt was bloodied by the assault. Plaintiff Olga witnessed her grandson being beaten by the police.

19. All the while the individual defendants were inside the premises, they kept yelling and asking plaintiffs "where is the K of drugs" and "Where are the guns."

20. Neither plaintiffs nor any of the occupants were aware of the presence of any guns or "Key" of drugs.

21. Undeterred, the individual defendants destroyed plaintiffs' home and broke walls, furniture, doors and anything in sight in their quest for drugs and guns.

22. The individuals defendants stayed inside the premises for 5-6 hours keeping both plaintiffs unlawfully seized in handcuffs and refusing to give plaintiff Antonio much needed medical treatment.

23. Around 11:30 a.m., the individual defendants gave plaintiff Olga a summons for "possession of marijuana" even though they did not find any marijuana in her possession.

24. Around 12 p.m., the individual defendants transported plaintiff Antonio to

the 46th precinct, where the desk sergeant directed them to take plaintiff to the hospital. Apparently the desk sergeant recognized the severity of plaintiff's injuries to which the individual defendants were deliberately indifferent to for the past 5 hours.

25. Plaintiff Antonio was interviewed by the IAB who took his statement at Central Booking. The IAB officers also took plaintiff's photographs at Central Booking.

26. Plaintiff Olga was never formally arrested/arraigned/booked and plaintiff Antonio was released from jail the next day.

### AS AND FOR A FIRST CAUSE OF ACTION
(Unlawful Search and Seizure/Excessive Force)

27. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

28. There was no probable cause for the seizure and continued confinement of plaintiff Olga. Yet the defendants falsely charged her with possession of marijuana. She was unlawfully in police custody for more than 4 hours.

29. There was no reason for the excessive or the type of force used on plaintiff Antonio. The injuries that he received as a result of the beating included but not limited to broken eye-socket, broken ribs, bruising all over his body.

30. As a result of the aforementioned conduct of Defendants, Plaintiffs' constitutional right to be free from unreasonable seizure and free of excessive and unreasonable use of force was violated and they sustained physical injuries.

### AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights-Due Process)

31. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

32. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiffs and was in violation of Plaintiffs' constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments.

33. As a result of the foregoing, Plaintiff Antonio was deprived of timely medical care because of the injuries and plaintiff Olga was deprived of her liberty and right to procedural and substantive due process, causing economic and severe and permanent physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution)

34. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. Defendants knew that by filing false charges against Plaintiff Olga, she would have to endure numerous court appearances, and the expense of hiring an attorney and despite such belief, the Defendants fabricated evidence that plaintiff Olga was in possession of marijuana.

36. Due to Defendants' actions, Plaintiff Olga was deprived of life and liberty interest.

37. Defendants' actions constituted malicious prosecution because they knowingly filed false and unsubstantiated charges against Plaintiff and yet failed to drop and instead did pursue the charges knowing full well that the charges were trumped up. Defendants then failed to show up for the hearing and the charges against plaintiff Olga were dismissed.

38. As a result, plaintiff Olga suffered injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

39. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting, assaulting individuals suspected of crimes without due process. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, disciplining and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

42. In addition, the Defendant's superior officers whose duty it was to review and screen all warrants for propriety upon presentation by the officer seeking a warrant routinely ratified such warrants without questioning the facts underlying same.

43. Furthermore, the individual defendants have a practice and custom of ignoring the mandates of the patrol guide, which requires them to prepare several forms before, and after the execution of search warrants and in incidents where individuals are injured or property destroyed. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers,

including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

44. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

45. Defendants, collectively and individually were directly and actively involved in violating Plaintiff's constitutional rights.

### AS AND FOR AN FIFTH CAUSE OF ACTION
(Violation of Section 1985)

46. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47. Defendants targeted Plaintiffs because of their false belief that the subject premises was a haven for drugs and guns. However even though they did not find any of these illegal items, they conspired with one another to justify their faulty search warrant, their over-time earned during the "raid" and cover up their other illegal conduct of false arrest, malicious prosecution and failing to abide by NYPD guidelines.

48. Plaintiffs suffered serious and permanent physical and emotional injuries.

### AS AND FOR AN SIXTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

49. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Upon information and belief, Defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiffs' rights.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

51. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Plaintiffs' physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

53. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

55. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. As a result of the foregoing, Plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

57. As a result of Defendants' conduct, Plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

58. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

59. The aforementioned conduct was committed by Defendants while acting within the scope of their employment by Defendant City.

60. The aforementioned conduct was committed by Defendants while acting in furtherance of their employment by Defendant City.

61. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff Olga.

62. As a result of the aforementioned conduct, Plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

63. As a result of these actions, Plaintiffs suffered injuries.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
(Denial of Right to Fair Trial)

64. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

65. Defendants' actions and conduct denied plaintiff Olga the right to a fair trial and hearing and prolonged her unlawful seizure and her being maliciously prosecuted.

66. As a result of this, plaintiff Olga was injured.

### AS AND FOR A TWELVTH CAUSE OF ACTION
(Supervisory Liability)

67. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

68. The Defendant supervisors had the supervisory duty to control their subordinates. Instead through their own actions and inaction, plaintiffs suffered injuries and therefore they are liable under supervisory liability.

69. Defendant supervisors knew there was no reason to arrest plaintiff Olga, knew that plaintiff Antonio needed medical attention and that proper chain of command needed to be followed when dealing with execution of search warrants and when a prisoner was injured during arrest.

70. Instead through their own actions and inaction, plaintiffs suffered injuries and therefore they are liable under supervisory liability.

**WHEREFORE**, Plaintiffs demand judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for Plaintiff against Defendants (individually or collectively) or as determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
May 5, 2014

Vik Pawar, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
Robert Blossner (RB0526)
*Attorneys for Plaintiff*