Vik Pawar, Esq.
Robert Blossner, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANTONIO RODRIGUEZ and OLGA RODRIGUEZ,

                   Plaintiffs,            **SECOND AMENDED COMPLAINT**

      -against-                             Jury Demand

                                         14 CV 3273 (VEC)

THE CITY OF NEW YORK, DET. JAMES BARRY,
P.O. JOSUE PEREZ, DET. MICHAEL SMYTH,
DET. PATRICIO OVANDO, LT. CHRISTOPHER
VONKESSEL, and DET. GREGORY LARSEN,

                   Defendants.
------------------------------------------------------------------x

       Plaintiffs ANTONIO RODRIGUEZ and OLGA RODRIGUEZ by and through their attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

**PRELIMINARY STATEMENT**

       1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiffs are citizens of the United States, and at all relevant times was a resident of the County of Bronx and City and State of New York.

7. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant Barry is a NYPD detective and acted under the color of state law and is sued in his individual and official capacities.

9. Defendants Larsen, Vonkessel, Ovando, Smyth and Perez are male officers who accompanied defendant Barry on the date of the incident and acted under the color of state law and are sued in their individual, supervisory and official capacities.

## FACTS

10. On May 9, 2011, plaintiffs were inside their residence at 2334 Creston Avenue, Apt. 42, Bronx, New York ("premises").  Plaintiff Antonio was 21 at the time of the incident outlined in the complaint.  Plaintiff Olga is Antonio's grandmother.  She is a cancer survivor and 73 years old.

11. Around 6 a.m., the individual defendants busted down plaintiffs' door and entered the premises.

12. The defendants presumably had a warrant to come inside the apartment and search for evidence of crack-cocaine distribution and sale center.  Neither plaintiff was target of the search warrant.

13. Once they were inside the apartment, defendants woke the plaintiffs and other occupants inside the premises.

14. Both plaintiffs were shocked and horrified because they had just be woken up by screaming defendants who did not announce that they were NYPD officials executing a purported search warrant.

15. Plaintiff Antonio was with his grandmother Olga in her room, terrified because he thought that the individual defendants were thugs who were trying to kill his family in the dawn of the morning.

16. The individual defendants dragged a handcuffed plaintiff Antonio by his

3

hands and feet and kicked him in his face and beat him all over his body causing him to sustain serious physical injuries.  The individual defendants punched and kicked plaintiff Antonio with their hands and legs causing him to suffer broken ribs, fracture of the right orbital bone of his eye and other bruising and scraps.

17. Plaintiff Antonio who was only wearing boxers and a t-shirt was bloodied by the assault.  Plaintiff Olga witnessed her grandson being beaten by the police.

18. All the while the individual defendants were inside the premises, they kept yelling and asking plaintiffs "where is the Kilo of drugs" and "where are the guns."

19. Neither plaintiffs nor any of the occupants were aware of the presence of any guns or "Kilo" of drugs.  It was apparent that defendants had entered the apartment based on false information.

20. Undeterred, the individual defendants destroyed plaintiffs' home and broke walls, furniture, doors and anything in sight in their quest for drugs and guns.

21. The individuals defendants stayed inside the premises for 5-6 hours keeping both plaintiffs unlawfully seized in handcuffs and refusing to give plaintiff Antonio much needed medical treatment.

22. Around 11:30 a.m., the individual defendants gave plaintiff Olga a summons for "possession of marijuana" even though they did not find any marijuana in her possession.

23. Around 12 p.m., the individual defendants transported plaintiff Antonio to the 46th precinct, where the desk sergeant directed them to take plaintiff to the hospital.  Apparently the desk sergeant recognized the severity of plaintiff's injuries to which the individual defendants were deliberately indifferent to for the past 6 hours.

24. Plaintiff Antonio was interviewed by the IAB who took his statement at Central Booking. The IAB officers also took plaintiff's photographs at Central Booking.

25. Plaintiff Olga was never formally arrested/arraigned/booked and plaintiff Antonio was released from jail the next day.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Excessive Force – Antonio Rodriguez)

26. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

27. There was no reason for the excessive or the type of force used on plaintiff Antonio. The injuries that he received as a result of the beating included but not limited to a broken eye-socket, broken ribs, blurred vision, permanent scars and bruising all over his body.

28. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from excessive and unreasonable use of force was violated and he sustained serious and permanent injuries.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Deprivation of Rights-Due Process)

29. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

30. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiffs and was in violation of Plaintiffs' constitutional rights under the Fourth, Fifth and Fourteenth Amendments.

31. As a result of the foregoing, Plaintiff Antonio was deprived of timely medical care because of the injuries and plaintiff Olga was deprived of her liberty and right to procedural and substantive due process, causing economic and severe and permanent physical injuries.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Malicious Prosecution – Olga Rodriguez)

32. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

33. Defendants knew that by falsely accusing plaintiff Olga of marijuana possession and by filing false charges against Plaintiff Olga, she would have to endure numerous court appearances, and the expense of hiring an attorney and despite such belief, the Defendants fabricated evidence that plaintiff Olga was in possession of marijuana.

34. Due to Defendants' actions, Plaintiff Olga was deprived of life and liberty interest.

35. Defendants' actions constituted malicious prosecution because they knowingly filed false and unsubstantiated charges against Plaintiff and yet failed to drop the charges, and instead did pursue the charges knowing full well that the charges were trumped up. Defendants then failed to show up for the hearing and the charges against plaintiff Olga were dismissed.

36. As a result, plaintiff Olga suffered injuries.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(*Monell*/Municipal and Supervisory Liability)

37. Plaintiffs repeat, reiterate, and reallege each and every allegation

contained in the foregoing paragraphs as if fully set forth herein.

38.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39.     The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting, assaulting individuals suspected of crimes without due process.  In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, disciplining and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

40.     In addition, the Defendant's superior officers whose duty it was to review and screen all warrants for propriety upon presentation by the officer seeking a warrant routinely ratified such warrants without questioning the facts underlying same.

41.     Furthermore, the individual defendants have a practice and custom of ignoring the mandates of the patrol guide, which requires them to prepare several forms before, and after the execution of search warrants and in incidents where individuals are injured or property destroyed.  As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

42.     Furthermore, the Bronx Narcotics Bureau (NBBX) routinely conducts raids on apartment with faulty search warrants.  These warrants are based on false

information from alleged confidential informants.  However, the NBBX turn a blind eye to this false information in an effort to continue the raids upon innocent homeowners.

43. In addition, NBBX officers routinely file false charges against innocent individuals to justify their need and execution of search warrants.

44. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

45. Defendants, collectively and individually were directly and actively involved in violating Plaintiff's constitutional rights.

## AS AND FOR AN FIFTH CAUSE OF ACTION
(Violation of Section 1985)

46. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47. Defendants targeted Plaintiffs because of their false belief that the subject premise was a haven for crack-cocaine and guns.  However even though they did not find any of these illegal items, they conspired with one another to justify their faulty search warrant, their over-time earned during the "raid" and cover up their other illegal conduct of false arrest, malicious prosecution and failing to abide by NYPD guidelines.

48. Defendants entered into an agreement with one another to arrest both plaintiffs, use excessive force against plaintiff Antonio, file false charges against plaintiff Olga, and further covered up their illegal conduct to protect their jobs and pension and shield themselves from liability.

49. As a result of these actions, plaintiffs suffered serious and permanent physical and emotional injuries.

### AS AND FOR AN SIXTH CAUSE OF ACTION
(False Arrest – Olga Rodriguez)

50. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

51. There was no probable cause for the seizure and continued confinement of plaintiff Olga. Yet the defendants fabricated the charge that she possessed marijuana and falsely charged her with possession of drugs.

52. As a result of this false and fabricated charge, plaintiff Olga was held in custody for more than 4 hours.

### AS AND FOR AN SEVENTH CAUSE OF ACTION
(Deliberate Indifference to Medical needs – Antonio Rodriguez)

53. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

54. Plaintiff Antonio suffered serious injuries.

55. Plaintiff Antonio had a broken orbital fracture over his right eye, broken ribs, was bleeding profusely, and in excruciating pain. However, despite being aware of these signs and symptoms, the individual defendants ignored plaintiffs' pleas to take him to a medical provider.

56. It was not until 6 hours later that when plaintiff was brought to a precinct, the desk sergeant directed that he be immediately taken to a hospital.

57. Plaintiff suffered for over six hours from the injuries inflicted upon him by defendants before he was treated.

58. Defendants were deliberately indifferent to plaintiff's medical needs despite being aware of the injuries that they themselves caused.

## AS AND FOR A EIGHTH CAUSE OF ACTION
(Failure to Intervene)

59. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants observed defendant Barry and other defendants assault plaintiff Antonio and knew that plaintiff Olga did not possess any marijuana.

61. Defendants had an opportunity to intervene during the assault on Antonio and prevent further harm but failed to do so. In addition, these defendants failed to intervene and provide medical treatment to plaintiff. As a result, plaintiff Antonio's injuries were exacerbated.

62. Furthermore, defendants knew that plaintiff Olga did not possess marijuana. However, they failed to intervene when other defendants charged her with possession of marijuana. As a result, plaintiff Olga was falsely arrested and malicious prosecuted.

**WHEREFORE**, Plaintiffs demand judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for Plaintiff against Defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
January 8, 2015

          Vik Pawar, Esq.
          20 Vesey Street, Suite 1210
          New York, New York 10007
          (212) 571-0805

          By:/s
            Vik Pawar (VP9101)
            Robert Blossner (RB0526)
            *Attorneys for Plaintiff*